MAURICE S. AVIDAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87459.   Promulgated October 20, 1938.

*Samuel I. Bendet, C. P. A.*, for the petitioner.
*J. R. Johnston, Esq.*, for the respondent.

OPINION.

Disney : The question here to be decided is not complex: Is an employee of the Workmen's Compensation Bureau or division of the Department of Labor of the State of New Jersey constitutionally exempt from income tax upon his salary as such employee? The question as to whether petitioner is employee, independent contractor, or officer does not enter here. Not only is there no showing that the petitioner took an oath of office as an officer, but the act creating the Workmen's Compensation Bureau enumerates the officers and does not include therein the position held by petitioner, and it is not to be denied that he comes within the language providing for "other employees as may in the judgment of the Commissioner of Labor be necessary." Without such general provision there would have been no authority for the employment and payment of the petitioner by the Workmen's Compensation Bureau. We, therefore, proceed to consider petitioner as an employee.

In considering this question, it should be kept in mind that any decisions (such as *Robert P. Bay*, 28 B. T. A. 1169, relied upon by petitioner) based directly or indirectly upon the regulations of the Commissioner of Internal Revenue exempting state officers and employees from Federal income taxation are not applicable herein. A regulation attempting to create an exemption is void. *Langstaff* v. *Lucas*, 9 Fed. (2d) 691; affd., 13 Fed. (2d) 1022; certiorari denied, 273 U. S. 721. Claim of immunity herein must therefore be based squarely upon the Constitution of the United States and not upon the regulations promulgated by the Commissioner of Internal Revenue. *Helvering* v. *Gerhardt*, 304 U. S. 405, has made it clear that immunity from taxation under the Constitution under the claim of participation in an essentially governmental function must be based upon participation in a function so essentially governmental as to be indispensable and essential to the continued existence of the state government.

Though recognizing the validity of the statement by Daniel Webster, in arguing *McCulloch* v. *Maryland*, 17 U. S. 315, "An unlimited power to tax involves, necessarily, a power to destroy; because there is a limit beyond which no institution and no property can bear taxation", epitomized by Chief Justice Marshall as "the power to tax involves the power to destroy", we nevertheless recognize that the power to prevent or be immune from taxation may also involve the power to destroy, when such a power is directed at a sovereign whose lifeblood is taxation. Such effect obviously follows to the same extent

as there is broadening of immunity under claim of state governmental function beyond and outside of the vital sovereign powers, protected by the rationale of *Collector* v. *Day*, 11 Wall. 113, involving the salary of a state officer, a probate judge. In the interrelation of the two governments in the Federal-state system adopted by the Constitution there was necessarily in the minds of the framers thereof recognition of the necessity of coordinating the activities of the two governments with a minimum of friction between the two sets of governmental machinery, and reason dictates that there was no contemplation of allowance of immunity from taxation by each other beyond those administrative activities indispensably necessary to the operation of dual governments over a citizenry common to both.

By definition precisely to delimit "delegated powers" or "essential governmental duties" is not possible. Controversies involving these terms must be decided as they arise, upon consideration of all the relevant circumstances. Notwithstanding discordant views which have sometimes arisen because of varying emphasis given to one or another of such circumstances, it is now settled doctrine that the inferred exemption from federal taxation does not extend to every instrumentality which a State may see fit to employ. Exemption depends upon the nature of the undertaking; it is cabined by the reason which underlies the inference. [*McLoughlin* v. *Commissioner*, 303 U. S. 218.]

Workmen's compensation statutes are in pursuance of a trend toward broadening the activities of the sovereign in a manner which is often referred to as paternalistic. We are not here concerned with the wisdom of such a statute, but look only to the question as to whether it is such an "indispensable function of the state" that a burden is laid upon state sovereignty by the taxation of those individuals engaged in administering it, within the reasoning of *Helvering* v. *Gerhardt, supra.* Applying that decision, we think the function being performed by the petitioner is not one "essential to the preservation of state government", and therefore come to the conclusion that the administration of the Workmen's Compensation Law of New Jersey is not so essentially an indispensable governmental function as to call for immunity from taxation by the Federal Government of the salary paid to petitioner as an employee engaged therein. This conclusion renders it unnecessary for us to consider the further question suggested as to reality of burden of taxation passed on to the state.

We therefore hold that the respondent did not err in including in petitioner's net income the salary received by him from the State of New Jersey as an employee of the Workmen's Compensation Bureau.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

OPPER concurs only in the result.